UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| HENRY NICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:19 CV 218 |
| | ) |
| HOME DEPOT USA, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

This matter is before the court on defendant's motion for summary judgment. (DE # 36.) For the reasons that follow, defendant's motion will be denied.

## I.   BACKGROUND

On June 14, 2017, around 9:00 a.m., plaintiff Henry Nick visited a Home Depot store owned and operated by defendant, Home Depot USA, Inc., to buy a handrail for a deck. (DE # 37-1 at 7, 32.) Plaintiff was in the aisle between two and four minutes, and no one else was in the aisle with him. (*Id.* at 9-10.) Plaintiff selected an eight-foot rail kit, picked it up, and pulled it forward. (*Id.*) As he pulled the kit forward, two boxes fell on his head. (*Id.* at 9, 10, 12.) The boxes landed in the middle of the aisle. (*Id.* at 10.)

Plaintiff has no idea where the boxes fell from. (*Id.* at 11.) Before he pulled the kit off of the display, plaintiff did not look up in the overhead storage area or check the top of the display, and he did not look for any issues with the display or see anything overhanging above the handrails. (*Id.* at 11, 13.) The boxes were six to eight inches wide and about four to five inches tall. (*Id.* at 12.)

Plaintiff went to the Pro Desk and called an ambulance. (*Id.* at 14.) When the ambulance arrived, plaintiff told the paramedic that he did not need to go to the hospital. (*Id.* at 15-16.) Plaintiff told defendant's employees that two boxes had fallen on his head. (*Id.* at 15.) Plaintiff then returned to the aisle with one of defendant's assistant store managers and showed the assistant store manager the boxes that had hit him. (*Id.* at 13-14, 16; DE # 37-2.) When he returned to the aisle, he saw two boxes in the aisle and surmised that those boxes had been the boxes that had hit him. (DE # 37-1 at 13.) According to the assistant store manager: there were no customers in the aisle when they returned to inspect the aisle; nothing was out of place when he inspected the display; and there was one open box of trim rings on the ground with two rings inside, and the box was not damaged or broken. (DE # 37-2 at 27-28, 35.)

Defendant's employees complete a store readiness checklist before the store opens each day to ensure that the store is safe when it opens. (DE # 37-3 at 59, 60.) This checklist confirms that there are no hazards in the aisles, and no overhanging boxes in the overhead storage areas. (*Id.* at 64-66.) Merchandise in the store can be stacked up to 20 feet high on both sides of an aisle. (DE # 37-2 at 33.) The store readiness checklist was performed at 5:00 a.m. on the day of the incident. (DE # 37-8.)

As a result of this incident, plaintiff filed the instant action against defendant in the Lake Superior Court, alleging negligence. (DE # 5.) Defendant removed the case to this court, on the basis of diversity jurisdiction. (DE # 1.)

Defendant now moves for summary judgment. (DE # 36.) Defendant argues that plaintiff has failed to produce any evidence that would allow a reasonable jury to conclude that defendant breached its duty to plaintiff, as plaintiff can only speculate as to how he was injured. (*Id.*) This matter is fully briefed and is ripe for ruling.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In responding to a motion for summary judgment, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Palmer v. Marion County*, 327 F.3d 588, 595 (7th Cir. 2003). In doing so, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Anderson*, 477 U.S. at 248; *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable

3

fact. *Anderson*, 477 U.S. at 249-50; *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995).

### III. ANALYSIS

#### A. *Defendant's Motion for Summary Judgment*

Plaintiff claims that defendant is liable for negligence under Indiana law. "To prevail on a claim of negligence, a plaintiff is required to prove: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; and (3) an injury to the plaintiff proximately caused by the breach." *Ford Motor Co. v. Rushford*, 868 N.E.2d 806, 810 (Ind. 2007). In response to defendant's motion for summary judgment, plaintiff raises the doctrine of res ipsa loquitur.

Under Indiana law, "[r]es ipsa loquitur is a shortcut to a negligence claim. Although negligence may not be inferred from the mere fact that an injury occurred, it may be inferred from the circumstances surrounding the injury." *Maroules v. Jumbo, Inc.*, 452 F.3d 639, 642 (7th Cir. 2006); *see also Blasius v. Angel Auto., Inc.*, 839 F.3d 639, 649 (7th Cir. 2016). "The doctrine recognizes that in some situations an occurrence is so unusual that, absent a reasonable justification, the person in control of the situation should be held responsible." *Maroules*, 452 F.3d at 642. "The central question in any res ipsa

loquitur case is whether the incident more probably resulted from the defendant's negligence than from some other cause." *Id.*

"To establish this inference of negligence, the plaintiff must demonstrate: (1) that the injuring instrumentality was within the exclusive management and control of the defendant, and (2) that the accident is of the type that does not ordinarily happen if those who have the management and control exercise proper care." *Id.* "[A] plaintiff may rely upon common sense and experience" in establishing the due care element. *Id.* at 644.

"[T]he concept of control under Indiana's res ipsa loquitur case law is expansive. To prove the 'exclusive control' requirement of res ipsa loquitur, the plaintiff simply is required to show either that a specific instrument caused the injury and that the defendant had control over that instrument or that any reasonably probable causes for the injury were under the control of the defendant." *Id.* at 643 (internal citation omitted). It is only when a plaintiff cannot identify any potential causes and show that they were in the exclusive control of the defendant that res ipsa loquitur fails to apply. *Id.* at 645.

"Whether the doctrine of res ipsa loquitur applies in any given negligence case is a mixed question of law and fact. The question of law is whether the plaintiff's evidence includes all of the underlying elements of res ipsa loquitur. The determination for the trier of fact is whether the permissible inference is to be drawn." *Id.* at 643 (internal citation omitted).

5

After a thorough review of the parties' arguments and the record, the court concludes that the evidence reveals genuine issues of material fact. Drawing all reasonable inferences in favor of plaintiff, plaintiff's evidence includes all of the underlying elements of res ipsa loquitur. *See id.* A reasonable jury could conclude that the boxes that struck plaintiff were in the exclusive control of defendant, and that the boxes would not have fallen on plaintiff if defendant had exercised due care. The ultimate question of whether an inference of negligence should be drawn must be reserved for the trier of fact.

Defendant's motion hinges on its attempts to disprove plaintiff's first-hand account of what happened, by presenting evidence and argument that what plaintiff says happened, could not have happened. This type of credibility dispute is one to be resolved by the fact-finder, and is not an appropriate basis for granting summary judgment.

Defendant also vigorously argues that plaintiff had no idea what hit him on the head at the time of the incident, and only speculated that boxes hit him *after* he returned to the aisle and saw boxes on the floor of the aisle. (DE # 37 at 10-12.) Defendant's argument is not supported by the evidence in the record. Plaintiff testified numerous times that he was hit on the head with two boxes. (*See e.g.* DE # 37-1 at 9, 10, 12.) Moreover, plaintiff testified that when he went to the Pro Desk to report the incident, he informed defendant's employees that he was hit on the head with two boxes. (*Id.* at 15.) Thus, defendant's claim that plaintiff only surmised that boxes hit him based on his

6

subsequent trip back to the aisle with the store manager is not supported by the evidence, which must be taken in the light most favorable to plaintiff. Defendant is free to explore the matter of plaintiff's credibility on cross examination, but resolution of that matter is reserved for the fact-finder.

There remains genuine disputes of material facts. Accordingly, defendant is not entitled to summary judgment, and its motion must be denied.

B.  *Plaintiff's Request for Sanctions*

Plaintiff's response brief contains a request that this court impose sanctions on defendant for bad-faith arguments made in its motion for summary judgment. (DE # 38 at 12.) Federal Rule of Civil Procedure 11(c)(2) states, "[a] motion for sanctions must be made separately from any other motion[.]" Because plaintiff's request for sanctions was included as part of his response brief, rather than a separately filed motion, the request is denied.

C.  *Motion* in Limine

Finally, defendant has filed a motion *in limine*, seeking to exclude incident reports created by the assistant store manager related to plaintiff's accident. (DE # 40.) Defendant seeks to preclude consideration of these reports in deciding summary judgment, and preclude the admission of these incident reports if the matter proceeds to trial. The motion *in limine* will be denied as moot because it is inconsequential to the court's ruling herein. Should this case proceed to trial, defendant is granted leave to re-

7

file its motion *in limine* for trial purposes, in accordance with the pretrial filing deadlines.

IV.     CONCLUSION

For these reasons, the court **DENIES** defendant's motion for summary judgment. (DE # 36.) The court also **DENIES as moot** defendant's motion *in limine*, with leave to re-file as outlined in this Opinion and Order. (DE # 40.) This case is **REFERRED** to Magistrate Judge John E. Martin for settlement proceedings; should those proceedings be fruitless, a trial date and pretrial filing deadlines will be set under separate order.

**SO ORDERED.**

Date: September 29, 2021

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT